```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

In Re Enron Corporation           §
Securities, Derivative &          §        MDL-1446
"ERISA" Litigation                §
_____ §
                                  §
MARK NEWBY, ET AL.,               §
                                  §
          Plaintiffs              §
                                  §
VS.                               §    CIVIL ACTION NO. H-01-3624
                                  §        CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,        §
                                  §
          Defendants              §
THE REGENTS OF THE UNIVERSITY     §
OF CALIFORNIA, et al.,            §
Individually and On Behalf of     §
All Others Similarly Situated,    §
                                  §
                                  §
          Plaintiffs,             §
VS.                               §
                                  §
KENNETH L. LAY, et al.,           §
                                  §
          Defendants.             §
THE REGENTS OF THE UNIVERSITY     §
OF CALIFORNIA, Individually and   §
on behalf of all others           §
similarly situated,               §
                                  §
          Plaintiffs,             §
                                  §
VS.                               §    CIVIL ACTION NO. H-04-0087
                                  §
ROYAL BANK OF CANADA, ROYAL       §
BANK HOLDING INC., ROYAL BANK     §
DS HOLDING INC., RBC DOMINION     §
SECURITIES INC., RBC DOMINION     §
SECURITIES LTD., RBC HOLDINGS     §
(USA) INC., AND RBC DOMINION      §
SECURITIES CORP.,                 §
                                  §
          Defendants.             §
```

**OPINION AND ORDER**

Pending before the Court in H-04-0087 is Defendants Royal Bank of Canada, Royal Bank Holding, Inc., Royal Bank DS

Holding Inc., RBC Dominion Securities Limited, RBC Dominion Securities, Inc., RBC Holdings (USA) Inc., and RBC Dominion Securities Corp.'s (collectively, "RBC Defendants'") opposed motion for certification pursuant to 28 U.S.C. § 1292(b)[1](instrument #55, duplicatively filed as #56).

RBC Defendants seek certification for an immediate, interlocutory appeal of the Court's opinion and order of December 22, 2005 (#43) denying their motion to dismiss the complaint. Specifically they seek resolution by the Fifth Circuit of the following legal issue, about which this Court has acknowledged there is a substantial difference of opinion and which is now

---

[1] Section 1292(b) provides an exception to the general rule under 28 U.S.C. § 1291 that appellate review is limited to final decisions:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon in its discretion permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided however,* That application for an appeal shall not stay proceedings in the district court unless the district judge of the Court of Appeals or a judge thereof shall so order.

*In re Enron Corp. Securities, Derivative & "ERISA" Litig.*, No. MDL 1446, CIV. A. Nos. 01-3624 and 01-3913, 2003 WL 22025050, *2 (S.D. Tex. Jan. 27, 2003). Section 1292(a) provides that district courts have "first line discretion" to determine whether to certify interlocutory orders.

pending before the Ninth, Eighth, and First Circuit Courts of Appeals:

> Whether engaging in private transactions with a public company that subsequently misrepresents those transactions to investors is actionable as a primary violation of Section 10(b) of the Securities Exchange Act of 1934 where there is no allegation that the transactions at issue coincided with the purchase or sale of the company's securities, or whether such alleged conduct constitutes at most aiding and abetting which is not actionable under the U.S. Supreme Court's decision in *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994).

Noting that the claims against them are brought under Rule 10b-5(a) and (c), RBC Defendants distinguish this suit as a stand-alone separate action the appeal of which would not affect the *Newby* litigation, which brought its claims under all three sections of Rule 10b-5. They emphasize that not only are the circuit courts divided, but so is this district, since Judge Lake ruled that "plaintiffs cannot invoke subsections (a) and (c) of Rule 10b-5 to circumvent *Central Bank*. . . ." *In re Dynegy, Inc. Sec. Litig.*, 339 F. Supp. 2d 804, 914-16 (S.D. Tex. 2004).

This Court has previously addressed the same request for interlocutory appeal of essentially the same issue from other Defendants in *Newby*. To justify interlocutory certification, RBC Defendants must demonstrate that (1) the issue is a controlling issue of law; (2) there is substantial ground for difference of opinion regarding that issue of law; and (3) an immediate appeal must appear to materially advance the ultimate termination of the

litigation. *In re Enron*, 2003 WL 22025050 at *2. The Court's earlier decision applies here, although the alleged facts differ.

Regarding the first prong, the Court's recent ruling on RBC Defendants' motion to dismiss was not based on substantive law nor the merits of the claims, but on pleading standards. *Id.* Moreover, the issue is not merely one of law, but also of fact, as indicated by the Supreme Court in *Central Bank*:

> The absence of § 10(b) aiding and abetting liability does not mean that secondary actors in securities markets are always free from liability under the Securities Act. Any person or entity, including a lawyer, accountant or bank, who employs a manipulative device or makes a material misstatement or omission on which a purchaser or seller of securities relies, may be liable as a primary violator under 10b-5, assuming *all* of the requirements for primary liability under Rule 10b-5 are met. . . . In any complex securities fraud, there are likely to be multiple violators. . . .

*Id.*, *quoting Central Bank*, 511 U.S. at 191. Lead Plaintiff's opposition to RBC Defendants' motion cites *Pollock & Riley, Inc. v. Pearl Brewing Co.*, 498 F.2d 1240, 1246 (5th Cir. 1974), *cert. denied sub nom. Gulf Corp. v. Wood*, 420 U.S. 992 (1975), for the holding that the order appealed must present "a clear-cut question of law against a background of determined and immutable facts," not the situation here.

Moreover, although the second prong is clearly met, the third prong is not. As pointed out by Lead Plaintiff in its opposition, this litigation against RBC Defendants will not be terminated by the appeal because RBC Defendants are being sued in

a number of the Enron-related actions.  Moreover, the Court finds disingenuous RBC Defendants's argument that resolution of this issue by the Fifth Circuit would not affect *Newby* and would terminate even this member suit or RBC Defendants' involvement in the Enron-related litigation.  In its earlier decision this Court pointed out that if it granted interlocutory appeal,

> in light of the magnitude of this consolidated action and the unsettled state of law this Court's experience leads it to believe that any appellate review of the law and the facts will not be rapid.  Moreover, because this is a multidistrict litigation, many of the consolidated member suits arose in other circuit Courts of Appeals, which have different standards for pleading securities violations and to which the individual suits will be returned if they are to be so resolved. Thus the Fifth Circuit's determination of the questions may not be controlling.  Indeed the division of the courts is so substantial that either a ruling by the Supreme Court or action by Congress appears necessary to resolve the differences.

*In re Enron*, 2003 WL 22025050 at *3.

The Court will not repeat its detailed discussions of scheme liability under § 10(b), which reflect the substantial complexity of these questions, which will not be finally resolved in the near future.  It has also recently addressed in other orders new cases which Defendants have drawn to its attention with respect to the question of aiding and abetting versus primary violation under § 10(b).  See, e.g., instruments #4735, 7874. The Circuits continue to be divided. Moreover, the Court's own standard has evolved with the increase in case law addressing the issues, and it has invited Defendants to file motions based on its

modified test.  In response the RBC Defendants have filed a motion for judgment on the pleadings (#81 in H-04-0087), which will be addressed.

For the reasons stated above, the Court

ORDERS that RBC Defendants' motion for certification (#55, 56) is DENIED.

**SIGNED** at Houston, Texas, this 21st day of November, 2006.

                      MELINDA HARMON
UNITED STATES DISTRICT JUDGE